By the Court (orally).
We think these motions were properly disposed of by the court below on the question of residence. The appellant is unquestionably a foreign corporation, because created by the laws of the United States. It is not a foreign corporation which has its location and carries on its business in the city of Hew York. Within the meaning of the law its domicile is where its principal office is located. That does not appear, even by the original affidavits, to be in the city of Hew York. It is, in point of fact, as shown by the papers, in the city of Boston. And if the corporation has a location there it certainly has none here.
And as to the main questions, the act of the state of Kansas in respect to the consolidation of corporations very clearly provides that the corporations consolidated under it shall assume, as a condition of the right, the payment of the liabilities of the several corporations which are absorbed in the new corporation. The effect of that is, as a matter of course, to impose the liability, not as a statutory one, but as a contractual one. The corporation that absorbs the consolidated corporation, thereby, under those statutes (which, of course, make the contract lawful and not subject to any provision of any statute of frauds), undertakes and promises to pay to every holder of a debt of a corporation that is absorbed the obligation existing in his favor against the corporation that ceases to exist, or the several corporations which cease to exist.
Each one, therefore, of the holders of these coupons is at liberty, in our judgment, to maintain an action directly upon *47 contract against this corporation by reason of its having absorbed the one which issued the bonds, because the statute has so provided. Whether it be an express or implied contract makes no difference in the eye of the law. It is still a contract enforceable at law and recognized by the statute of Kansas, and therefore to be recognized by our courts.
These orders are affirmed, with costs.